**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GEMINI TRUST COMPANY, LLC,

<em>Plaintiff</em>,

v.

DIGITAL CURRENCY GROUP, INC. and
BARRY SILBERT,

<em>Defendants</em>.

Case No. _____

[Index No. 653260/2023 in New York
State Supreme Court, New York County]

<u>**NOTICE OF REMOVAL**</u>

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1334, 1446, and 1452, Defendants Digital Currency Group, Inc. ("DCG") and Barry Silbert (collectively, "Defendants"), by and through their undersigned counsel, hereby remove to this Court the civil action captioned *Gemini Trust Company, LLC v. Digital Currency Group, Inc., et al*., Index No. 653260/2023 (N.Y. Sup. Ct., County of New York) (the "State Court Action"). The State Court Action is subject to this Court's removal jurisdiction because it is related to a pending bankruptcy case.

In further support of removal, Defendants state as follows:

**BACKGROUND**

1.      On July 7, 2023, Plaintiff Gemini Trust Company, LLC ("Gemini") commenced this action by filing a complaint (the "Complaint") in New York State Supreme Court, New York County. Defendants have not filed an answer or responsive pleading in the State Court Action. As required under 28 U.S.C. § 1446(a), true and correct copies of "all process, pleadings, and orders served upon" Defendants in the State Court Action are attached hereto as Exhibit A.

2.      Also on July 7, 2023, Defendants' counsel accepted service of the Summons and Complaint. This Notice of Removal is therefore timely and filed within 30 days of service of the

Summons.  *See* 28 U.S.C. § 1446(b).  Venue is proper in this Court because the New York State Supreme Court, New York County, is located within the Southern District of New York.  *See id.* § 1446(a).

## JURISDICTION & GROUNDS FOR REMOVAL

### I.    Removal Is Proper Under 28 U.S.C. § 1452

3.    Defendants may properly remove any civil action "to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under Section 1334 of this title."  28 U.S.C. § 1452(a).  Under Section 1334, this Court has original jurisdiction over "all civil proceedings . . . related to cases under title 11," commonly known as bankruptcy cases.  *Id.* § 1334(b).  "Related to" jurisdiction exists whenever an "action's outcome might have *any* conceivable effect on the bankrupt estate."  *SPV Osus Ltd. v. UBS AG*, 882 F.3d 333, 339-40 (2d Cir. 2018) (emphasis added) (citation omitted).

4.    On January 19, 2023, Genesis Global Capital, LLC ("Genesis Capital") and its affiliates, Genesis Global Holdco, LLC and Genesis Asia Pacific PTE Ltd. (collectively, "Genesis"), filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.*, in the United States Bankruptcy Court for the Southern District of New York.  These chapter 11 cases are jointly administered under the caption *In re Genesis Global Holdco, LLC, et al*., No. 23-10063-SHL (Bankr. S.D.N.Y.) (the "Genesis Bankruptcy Case").

5.    There is no question that the State Court Action is inextricably "related to" the pending Genesis Bankruptcy Case, which the Complaint itself concedes.  The Complaint's allegations center on the Gemini-operated "Gemini Earn" program through which cryptocurrency holders could loan their assets to Genesis Capital in exchange for interest on those assets.  Ex. A at ¶ 2 (Complaint).  In November 2022, following the collapse of the cryptocurrency exchange

FTX Trading Ltd., the Complaint alleges that Genesis Capital suspended all withdrawals of cryptocurrency, including by Gemini Earn users. *Id.* ¶¶ 8-9.

6.      According to the Complaint, "Defendants conspired with Genesis [Capital] to conceal from [Gemini] depositors" Genesis Capital's financial condition. *Id.* ¶ 8.  In fact, Genesis and its conduct is the focus of 112 paragraphs of the 120-paragraph Complaint. *See generally id.* Gemini alleges that it suffered damages in the form of "attorney's fees and litigation expenses" incurred "in Genesis's Chapter 11 proceeding" and "in defending against" claims brought by Gemini Earn users seeking "the return of digital assets loaned to Genesis [Capital] and other damages relating to the Gemini Earn Program." *Id.* ¶ 10.  Gemini has also indicated that it is "pursuing its claims against Genesis in Genesis's pending bankruptcy proceeding under Chapter 11 of the Bankruptcy Code." *Id.* ¶ 1.

7.      The Complaint therefore leaves no doubt that the State Court Action is "related to" the Genesis Bankruptcy Case. *See SPV Osus Ltd.*, 882 F.3d at 340 ("An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." (citation omitted)).  Notably, this Court has already determined that similar allegations brought by Gemini Earn users against DCG and Gemini "relate to" the Genesis Bankruptcy Case. *See Moeller-Bertram v. Gemini Tr. Co., LLC*, 2023 WL 3451379, at *2 (S.D.N.Y. May 15, 2023) (Liman, J.) (holding that "related to" jurisdiction exists because (i) there were "'strong interconnections' between this action and the [Genesis Bankruptcy Case]" and (ii) "Defendants [DCG and Gemini]—if found liable to Plaintiff—would have a right of contribution as against Genesis Global Capital") (citations omitted).[1]  Both circumstances are

---

[1] In *Moeller-Bertram*, Gemini consented to removal on the basis of "related to" jurisdiction. *Id.* at *1.

present again here, and each provides an independent basis for related to jurisdiction.  *See, e.g.*, *SPV Osus Ltd.*, 882 F.3d at 342 ("The existence of strong interconnections between the third party action and the bankruptcy has been cited frequently by courts in concluding that the third party litigation is related to the bankruptcy proceeding." (citation omitted)); *see also SPV Osus Ltd. v. UBS AG*, 2015 WL 4079079, at *2 (S.D.N.Y. July 1, 2015) ("where, as here, 'related to' jurisdiction is premised on potential contribution claims by third party defendants against the debtor, courts generally find that jurisdiction exists 'where there is a "reasonable" legal basis for the claim'" (citation omitted)); *In re WorldCom, Inc. Secs. Litig.*, 293 B.R. 308, 320-21 (S.D.N.Y. 2003) (finding "related to" jurisdiction satisfied where defendants identified a reasonable basis for contribution that would conceivably impact the bankruptcy estate).

## CONCLUSION

8.      Defendants have established adequate grounds for removal and have satisfied all procedural requirements.

9.      In filing this Notice of Removal, Defendants do not concede that any claims stated in the Complaint are valid under any applicable law.  Defendants reserve and expressly do not waive any rights, claims, or defenses that may be available.  Defendants also reserve the right to amend or supplement this Notice of Removal with additional evidence and argument as needed to support the "short and plain statement of the grounds for removal" contained herein.  28 U.S.C. § 1446(a).

10.     Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly file a copy of this Notice of Removal with the Clerk of the New York State Supreme Court, New York County, and will serve Gemini with this Notice of Removal.

WHEREFORE, Defendants hereby properly remove this action, captioned *Gemini Trust Company, LLC v. Digital Currency Group, Inc., et al.*, Index No. 653260/2023, from New York State Supreme Court, New York County, to the United States District Court for the Southern District of New York.

Dated: August 4, 2023               Respectfully submitted,
      New York, New York

> */s/ Jonathan D. Polkes*
> Jonathan D. Polkes
> Caroline Hickey Zalka
> WEIL, GOTSHAL & MANGES LLP
> 767 Fifth Avenue
> New York, NY 10153
> Tel: (212) 310-8000
> Fax: (212) 310-8007
>
> *Counsel for Defendants Digital Currency Group, Inc. and Barry Silbert*