**WILLKIE FARR & GALLAGHER** LLP

1875 K Street, N.W.
Washington, DC 20006-1238

Tel: 202 303 1000
Fax: 202 303 2000

July 31, 2024

**VIA ECF**

The Honorable Lewis J. Liman
U.S. District Court for the Southern District of New York
500 Pearl Street, Room 1620
New York, NY 10007
LimanNYSDChambers@nysd.uscourts.gov

Re:    *Gemini Trust Co., LLC v. Digital Currency Group, Inc.*, 23-cv-06864 (LJL)

Dear Judge Liman:

    We represent Plaintiff Gemini Trust Co., LLC (Gemini) in the above-captioned action. Pursuant to Section 1.D of the Court's Individual Practices in Civil Cases, we respectfully submit this letter-motion to request an adjournment of the hearing scheduled for August 21, 2024, on Defendants' pending motion to dismiss the amended complaint (the Motion to Dismiss Hearing), until at least 30 days after the effective date of the Chapter 11 plan for the Genesis Debtors (as defined below). This is the Gemini's first request for an adjournment of the Motion to Dismiss Hearing. We have conferred with counsel for Defendants and are authorized to state that Defendants take no position on this request, and reserve all rights to object to any further adjournment of the Motion to Dismiss Hearing. The parties do not have any scheduled appearances before the Court other than the Motion to Dismiss Hearing.

    As the Court will recall, this action was removed from state court as a civil proceeding "related to" (28 U.S.C. § 1334(b)) the pending Chapter 11 proceedings for Genesis Global Capital, LLC (GGC) and its affiliates, Genesis Global Holdco, LLC and Genesis Asia Pacific PTE Ltd. (collectively, the Genesis Debtors), which are proceeding before the Hon. Sean Lane of the United States Bankruptcy Court for the Southern District of New York. On May 31, 2024, the bankruptcy court entered an order confirming a Chapter 11 plan for the Genesis Debtors. *See* Bankr. Dkt. No. 1736.[*] That Chapter 11 plan has not yet become effective.

    During the course of the bankruptcy proceedings for the Genesis Debtors, Gemini negotiated a settlement and compromise with the Genesis Debtors (and certain other parties in interest) that served as a global resolution of issues that had arisen between the Genesis Debtors, their estates, and other creditor constituencies, on the one hand, and Gemini, as agent for the Gemini Earn users, on the other hand. That settlement agreement was approved by the bankruptcy court on April 19, 2024. *See* Bankr.

---

[*] "Bankr. Dkt." refers to the docket in *In re Genesis Global Holdco, LLC*, No. 23-10063 (Bankr. S.D.N.Y.), which can be accessed at https://restructuring.ra.kroll.com/genesis/Home-DocketInfo.

Dkt. No. 1598. Among other terms, the parties' settlement agreement contemplates that Gemini will assign to GGC, or its successor in interest, for the benefit of GGC's creditors, all of Gemini's right, title and interest in and to any and all claims and causes of action that Gemini has asserted or could have asserted in this action.

Since entry of the bankruptcy court's order approving the settlement, Gemini and the Genesis Debtors have worked to document the assignment of those claims to GGC. The assignment documentation, however, has not yet been finalized. Gemini and the Genesis Debtors anticipate that the process is unlikely to be completed prior to the effectiveness of the Genesis Debtors' Chapter 11 plan, because certain details of the assignment would benefit from input from the Litigation Oversight Committee that will supervise litigation on behalf of the post-emergence Genesis Debtors, and the Litigation Oversight Committee will not be formally constituted until the Chapter 11 plan is effective.

Gemini respectfully submits that these circumstances justify an adjournment of the Motion to Dismiss Hearing until at least 30 days after the effective date of the Genesis Debtors' Chapter 11 plan. In particular, the requested adjournment would allow the Litigation Oversight Committee for the Genesis Debtors to be formally constituted, to retain counsel, and to form a view on the further conduct of proceedings in this action. In addition, although there can no assurances as to the effective date of the Genesis Debtors' Chapter 11 plan, we anticipate that the requested adjournment would be relatively modest in duration. We are informed by counsel to the Genesis Debtors that the Chapter 11 plan is likely to become effective in the first half of August, and on July 30, 2024, the Genesis Debtors filed a notice with the bankruptcy court stating that they "anticipate the Effective Date will occur on August 2, 2024, subject to further extensions of time following consultation with" certain creditor constituencies in the Chapter 11 proceedings. Bankr. Dkt. No. 1894, at 2.

\* \* \*

For the foregoing reasons, Gemini respectfully requests that the Motion to Dismiss Hearing be adjourned until at least 30 days after the effective date of the Genesis Debtors' Chapter 11 plan. If the Court grants this request, we will update the Court promptly upon the occurrence of the effective date.

We appreciate the Court's consideration of this request.

Respectfully submitted,

S/ *Mark T. Stancil*
Mark T. Stancil

cc:   All Counsel of Record (via ECF)

In light of the potential assignment of Plaintiff's title and interest in and to the claims in this case, the parties are hereby ORDERED to show cause as to why this case should not be stayed until after the Effective Date of the Genesis Debtors' Chapter 11 plan and after the assignment is finalized.

SO ORDERED.

LEWIS J. LIMAN
United States District Judge

July 31, 2024